**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAMONT DESHEA MOORE,

        Petitioner

                                   CASE NO. 2:12-cv-11882
v.                                                  HON. LAWRENCE P. ZATKOFF

MICHAEL J. BOUCHARD,

        Respondent.
_____/

**ORDER DISMISSING THE PETITION WITHOUT PREJUDICE,**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,**
**AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This matter is pending before the Court on petitioner Lamont Deshea Moore's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition and exhibits allege that, in 2010, Petitioner pleaded guilty to possession of less than twenty-five grams of a controlled substance. He was sentenced to probation, but apparently violated the terms of probation and was sentenced on March 26, 2012, to one year in jail with 200 days of jail credit.

Petitioner alleges that he filed a delayed application for leave to appeal in the Michigan Court of Appeals and that he currently is attempting to file a motion for relief from judgment in state court pursuant to Subchapter 6.500 of the Michigan Court Rules. He asserts in his habeas corpus petition that his conviction was obtained by an involuntary plea and that his trial and appellate attorneys were ineffective.

The United States Court of Appeals for the Sixth Circuit recently explained that, district courts may not grant a state prisoner's application for the writ of habeas unless the petitioner has exhausted the remedies available in state court. *See Nali v. Phillips*, __ F.3d __, __, Nos. 09-1876

and 09-1960, 2012 WL 2018206, at *14 (6th Cir. June 6, 2012) (citing 28 U.S.C. § 2254(b)(1)(A)).

> "To be properly exhausted, each claim must have been 'fairly presented' to the state courts." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim."[1] *Id.* at 414–15. A Michigan petitioner must present each ground to that state's courts before seeking federal habeas corpus relief. *Mohn v. Bock*, 208 F. Supp.2d 796, 800 (E.D. Mich.2002). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

*Id.* (footnote in original as note 2). The exhaustion requirement generally is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).

Petitioner alleges that he appealed his conviction to the Michigan Court of Appeals, but concedes that he has not appealed to the State's highest court. *See* Pet. for Writ of Habeas Corpus, at unnumbered page 3. It also appears that Petitioner has not presented his pending habeas claims to any state court. Although he asserts that the state courts have deprived him of transcripts, he has managed to allege a factual basis for each of his pending habeas claims without transcripts. He could take a similar approach in the state court and ask the trial court to direct the prosecutor to provide copies of the transcripts. *See* Mich. Ct. R. 6.504(B)(1) (stating that "[t]he court may request that the prosecutor provide copies of transcripts, briefs, or other records"); *see also* Mich. Ct. R. 6.507(A) and (B) (stating that the court may direct the parties to expand the record with additional

---

[1] 28 U.S.C. § 2254(b)(1)(B) recognizes two exceptions to the exhaustion requirement. One is where "there is an absence of available State corrective process." § 2254(b)(1)(B)(i). The other is where "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(ii). . . .

relevant materials and that, "whenever a party submits items to expand the record, the party shall serve copies of the items to the opposing party").

The Court concludes that Petitioner has not exhausted his available state remedies by presenting his claims to both the Michigan Court of Appeals and the Michigan Supreme Court. Accordingly, the petition for a writ of habeas petition is summarily **DISMISSED** without prejudice to Petitioner's right to file a timely habeas corpus petition following exhaustion of state remedies.[2]

The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court denies leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: July 16, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 16, 2012.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290

---

[2] The Court is unable to determine whether the one-year statute of limitations, 28 U.S.C. § 2244(d), has already expired.